## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DON HAMRICK**                                                                                  **PLAINTIFF**

**V.**                              **CASE NO. 4:20-CV-486-DPM**

**ASA HUTCHINSON, Governor;**
**JAMES M. MOODY, Federal Judge;**
**CLAYTON HIGGINS, Case Analyst,**
**Supreme Court of the United States;**
**DAVID SACHAR, Director,**
**Judicial Discipline Commission;**
**STARK LIGON, Director,**
**Office of Professional Responsibility;**
**ROBERT EDWARDS, Judge,**
**White County Circuit Court;**
**MARK DERRICK, Judge;**
**MILAS HALE, Judge;**
**DON RANEY, Prosecutor;**
**JOHN POLLARD, Chief of Police,**
**City of Kensett, Arkansas;**
**CHRISTINA ALBERSON, Mayor's**
**Assistant and Clerk, Kensett District Court;**
**LAURA BALLENTINE,**
**Clerk, Kensett Water Department;**
**MID-SOUTH HEALTH SYSTEMS**                                              **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.    Procedures for Filing Objections:**

This Recommendation for dismissal has been sent to Chief Judge D.P. Marshall Jr.

Mr. Hamrick may file objections if he disagrees with the findings or conclusions set out

in the Recommendation. Objections should be specific and should include the factual or

legal basis for the objection. reor

To be considered, objections must be filed within 14 days. If Mr. Hamrick does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing the record.

## II.   <u>Introduction</u>:

On May 7, 2020, Plaintiff Don Hamrick filed a 259-page complaint with this Court titled "My Affidavit in Support of this Criminal Complaint for Citizen's Tenth Amendment Federal Arrest Warrant and My Omnibus & Particularized Civil Complaint." (Doc. No. 2) In his complaint, Mr. Hamrick attempts to bring various criminal charges against the Defendants and challenges the constitutionality of certain court rules and statutes.

Chief Judge Marshall referred this case to the undersigned for a recommendation. (Doc. No. 10) In making the following recommendations, the Court carefully reviewed and considered the complaint, all notices filed by Mr. Hamrick, and the various court cases that Mr. Hamrick asked this Court to take judicial notice of.[1]

## III.   <u>Background</u>:

Mr. Hamrick's grievances date back almost two decades. On July 18, 2002, he filed a petition for writ of mandamus in the United States District Court for the District of Columbia, "requesting [the] Court, *inter alia*, to compel the President of the United States

---

[1] The Court "may take judicial notice of proceedings in other courts that relate directly to matters at issue." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007).

2

to protect the constitutional rights of sailors in the U.S. Merchant Marine to carry handguns while ashore in the United States, to strike various federal statutes and regulations restricting individuals' right to transport firearms across state lines on the grounds that they violate the Second, Ninth, and Thirteenth Amendments of the U.S. Constitution, and to compel the U.S. Coast Guard to approve petitioner's application for 'National Open Carry Handgun' endorsement on his Merchant Marine document." *Hamrick v. Bush*, Case No. 1:02-CV-1435-ESH, 2002 WL 34731037, at *1 (D.D.C. Oct. 10, 2002). The district court dismissed the petition, noting that the Thirteenth Amendment does not confer a right to bear arms and that any such right under the Second Amendment was in dispute. *Id.* The decision was affirmed by the D.C. Circuit Court of Appeals. *Hamrick v. Bush*, 63 F. App'x 518, 519 (D.C. Cir. 2003). After being administratively rejected three times by Defendant Clayton Higgins, the United States Supreme Court denied Mr. Hamrick's petition for writ of certiorari. *Hamrick v. Bush*, 540 U.S. 940 (2003). (Doc. No. 5 at p. 33)

On September 11, 2006, Mr. Hamrick filed a Racketeer Influenced and Corrupt Organizations (RICO) complaint in the Eastern District of Arkansas. *Hamrick v. Bush*, No. 1:06-CV-44-JMM (E.D. Ark. Sept. 11, 2006). He filed the complaint "to force the United Nations to concede the fact that the United States Common Denfence [sic] and the Second amendment [sic] are human rights under international human rights treaties protecting people's human right to armed self-defense from not only the criminal element of society but also from a government's attempt to disarm the people of a county that historically precedes a genocide." (Doc. No. 2 at p. 78) The case was originally assigned

3

to U.S. District Judge George Howard, Jr. but was reassigned to Defendant Judge James M. Moody on April 27, 2007. (Doc. No. 2 at pp. 130-132) On May 24, 2007, Judge Moody dismissed the case based on judicial immunity, sovereign immunity, and *res judicata*. *Hamrick v. Bush*, No. 1:06-CV-44-JMM, 2007 WL 1540261 (E.D. Ark. May 24, 2007).

On January 18, 2017, Mr. Hamrick and his mother, Patsy Hays, got into an argument about her medical care. Motion for Permanent Injunction at 26-30, *Hamrick v. Derrick*, No. 4:17-MC-18-JM (E.D. Ark. Oct. 10, 2017). (Doc. No. 2 at pp. 137, 188; Doc. No. 8 at p. 33). Ms. Hays called 911; and Defendant John Pollard was one of the police officers who responded to the disturbance. Motion for Permanent Injunction at 28-29, *Hamrick v. Derrick*, No. 4:17-MC-18-JM (E.D. Ark. Oct. 10, 2017). (Doc. No. 8 at p. 33) Mr. Hamrick was arrested for domestic battery in the third degree. (Doc. No. 2 at p. 188; Doc. No. 8 at p. 33)

On May 9, 2017, Defendant Don Raney, prosecutor in Kensett District Court, sent an email to Mr. Hamrick's court appointed attorney, Eric Kennedy, informing him that he had received an email directly from Mr. Hamrick. (Doc. No. 2 at p. 164) Defendant Raney stated that he had deleted Mr. Hamrick's email. (Doc. No. 2 at p. 164) Mr. Hamrick then fired Mr. Kennedy and notified Defendant Raney that he would be proceeding *pro se*. (Doc. No. 2 at p. 163)

On October 10, 2017, Mr. Hamrick filed an action in the Eastern District of Arkansas asking the Court to dismiss his pending state criminal prosecutions. *Hamrick v. Derrick*, No. 4:17-MC-18-JM (E.D. Ark. Oct. 10, 2017). Mr. Hamrick filed the complaint

4

as a miscellaneous action and paid the associated $47.00 filing fee. *Id.* Defendant Judge Moody, citing the *Younger* doctrine and noting that the case would have been more appropriately filed as a civil action, dismissed the complaint. *Hamrick v. Derrick*, No. 4:17-MC-18-JM (E.D. Ark. Oct. 26, 2017). The Eighth Circuit summarily affirmed Judge Moody's order and denied Mr. Hamrick's petition for a rehearing. *Hamrick v. Derrick*, No. 18-1053 (8th Cir. Jan. 17, 2018 & Mar. 15, 2018).

In January 2018, Mr. Hamrick attempted to email pleadings to Defendant Christina Alberson, the Kensett District Court Clerk, in his then-pending criminal case. (Doc. No. 2 at pp. 165-166) Mr. Hamrick claimed that he did not have sufficient funds for postage or printing expenses and believed that Arkansas Supreme Court Administrative Order 21 – Electronic Filing granted him the right to email the pleadings. (Doc. No. 2 at pp. 166, 182) His email address was blocked by Defendant Alberson. *Id.*

On January 27, 2018, Mr. Hamrick filed an "Allegation of Obstruction of Justice Against Prosecutor Don Raney" in Kensett District Court for consideration by Defendant Judge Mark Derrick. In the pleading, Mr. Hamrick alleged that Defendant Raney caused his email to be blocked by Kensett District Court and accused him of malicious prosecution. (Doc. No. 2 at p. 159) Defendant Judge Derrick later recused upon motion from Mr. Hamrick. Motion for Permanent Injunction at 19, *Hamrick v. Derrick*, No. 4:17-MC-18-JM (E.D. Ark. Oct. 10, 2017). Defendant Judge Milas Hale was assigned to preside over the matter. (Doc. No. 2 at p. 134)

After Mr. Hamrick's emails were blocked in Kensett District Court, he began emailing Defendant Laura Ballentine, the Clerk of the Kensett Water and Sewer

5

Department and police officer for the City of Kensett. (Doc. No. 2 at pp. 180, 182, 188-189) The full extent of Mr. Hamrick's emails to Defendant Ballentine are not included in Mr. Hamrick's complaint, but on March 12, 2018, Defendant Ballentine filed an affidavit in support of an arrest warrant with Defendant Raney for harassing communications. (Doc. No. 2 at p. 188)

On March 13, 2018, Mr. Hamrick announced to various Defendants via email that he was running for Mayor of Kensett. (Doc. No. 2 at p. 160) On June 9, 2018, Mr. Hamrick was arrested for harassing communications and obstruction of governmental operations. (Doc. No. 2 at p. 188) In June and July of 2018, Mr. Hamrick attempted to file an affidavit for arrest warrant against Defendant Ballentine with Kensett District Court. (Doc. No. 2 at pp. 167-168)

In December of 2018, Mr. Hamrick was convicted in Kensett District Court; and he filed an appeal in White County Circuit Court along with a motion to proceed *in forma pauperis*. (Doc. No. 2 at pp. 152, 155) Defendant Judge Robert Edwards denied the motion noting that the filing fee was $150.00 and Mr. Hamrick received $1,027.00 per month in VA non-service benefits. (Doc. No. 2 at p. 155)

At some point during Mr. Hamrick's state criminal proceedings, he filed complaints with Defendant Stark Ligon, Director of the Office of Professional Responsibility, and Defendant David Sachar, Director of the Judicial Discipline Commission, alleging a conspiracy between Judge Derrick and Prosecutor Raney. (Doc. No. 2 at pp. 138, 149) After both complaints were denied, Mr. Hamrick wrote a letter to Defendant Governor Asa Hutchinson asking him to file a petition with the House

Judiciary Committee to disbar Judge Derrick and Prosecutor Raney. (Doc. No. 2 at p. 138) Governor Hutchinson, through counsel, declined to take any action. (Doc. No. 2 at p. 139)

On February 21, 2019, Mr. Hamrick filed a petition for writ of mandamus with the Arkansas Supreme Court regarding his state criminal convictions. In the petition, he also appealed the dismissal of disbarment proceedings by the Office of Professional Responsibility and Judicial Discipline Commission and called for an investigation into, and prosecution of, the federal court system. Petition for Writ of Mandamus at 1, *Hamrick v. Edwards*, CR-19-164 (Ark. Feb. 21, 2019). [2] The Arkansas Supreme Court denied his motion to proceed *in forma pauperis*. Formal Order, *Hamrick v. Edwards*, CR-19-164 (Ark. Mar. 14, 2019). In May of 2019, Mr. Hamrick drove to Washington, D.C. in his mother's car to file an appeal with the Supreme Court of the United States. (Doc. No. 9 at p. 14)

While working on his appeal in a FedEx office outside of Washington, D.C., Mr. Hamrick suffered a heart attack and was admitted to the local VA hospital. (Doc. No. 2 at p. 68; Doc. No. 9 at p. 14) After recovering, Mr. Hamrick filed his appeal with the Supreme Court by delivering it to a police booth on June 6, 2019. (Doc. No. 2 at p. 68) Two days later, his rejected appeal was delivered to his home in Kensett, Arkansas. (Doc. No. 2 at p. 68)

---

[2] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

7

On September 23, 2019, Mr. Hamrick sought to join a pending state debtor's-prison action against Judge Derrick.  Motion, *Mahoney v. Derrick*, 73CV-18-874 (White County Circuit Court, Ark. Sept. 23, 2019).[3] The suit sought "declaratory relief for thousands of people in White County, Arkansas, who have been and will be deprived of state and federal rights by the policies and practices of District Court Judge Mark Derrick." Complaint/Petition at 1, *Mahoney et al. v. Derrick*, Case No. 60CV-18-5616 (Pulaski County Circuit Court, Ark. Aug. 9, 2018).[4] Mr. Hamrick's motion for joinder was denied. Order, *Mahoney v. Derrick*, 73CV-18-874 (White County Circuit Court, Ark. Oct. 18, 2019).

On January 13, 2020, Mr. Hamrick was arrested for a third time.[5] (Doc. No. 2 at p. 191) On the day of his arrest, he handed his mother's car keys to Defendant Pollard under the mistaken belief that Chief Pollard would drive the car to his mother's driveway. *Id.* Instead, his mother's car was towed. *Id.* While Mr. Hamrick was in jail, he was unable to make a payment due on his mother's car; and the car was repossessed and sold at auction in Tennessee. *Id.* Mr. Hamrick spent three weeks in jail until his VA pension was deposited in his bank account and he was able to post bail. *Id.*

---

[3] Case information also available on CourtConnect.

[4] Case information also available on CourtConnect.

[5] Mr. Hamrick's pleadings do not reveal what the criminal charges were.

It is against this lengthy litigious backdrop[6] that Mr. Hamrick filed the instant complaint alleging that the "entire Arkansas judicial system is corrupt against the poor." (Doc. No. 2 at p. 50) He maintains his innocence of all state criminal charges and claims that he was subject to malicious prosecution. (Doc. No. 2 at pp. 59, 136-138, 142, 159, 165, 182) He theorizes that the Arkansas judicial system, and particularly the Defendants named in this case, are involved in a wheel conspiracy to "raise revenue for the State of Arkansas off the backs of the poor." (Doc. No. 2 at pp. 52, 135, 148, 152-153; Doc. No. 5 at p. 44) Because of this perceived conspiracy, Mr. Hamrick frequently refers to Kensett District Court as a kangaroo court[7] and alleges that Defendants are violating Arkansas law by "stimulating legal process." See Ark. Code Ann. § 5-53-116.

On June 12, 2020, after the filing of the instant suit, Mr. Hamrick's mother died. (Doc. No. 9 at p. 1). On June 29, 2020, Mr. Hamrick filed a wrongful death claim in White County Circuit Court against various individuals, including Governor Hutchinson, Chief Pollard, Prosecutor Raney, Mr. Ligon, and Mr. Sachar. (Doc. No. 8 at pp. 30-46) On July 7, 2020, Mr. Hamrick filed a Notice of Removal in the instant suit seeking to bring his state criminal prosecutions within this Court's jurisdiction. (Doc. No. 8)

---

[6] The litigation history included in this opinion by no means gives a full view of Mr. Hamrick's litigation history; rather, it is intended to summarize ligation relevant to this lawsuit.

[7] Mr. Hamrick, citing Merriam-Webster Dictionary, defines a kangaroo court as a "mock court in which the principles of law and justice are disregarded or perverted; and as a court characterized by irresponsible, unauthorized, or irregular status or procedures." (Doc. No. 2 at p. 201)

IV.    **Discussion**:

Because Mr. Hamrick seeks to proceed *in forma pauperis*, the Court may dismiss this matter "at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, Mr. Hamrick has alleged no facts in the body of his complaint that refer to Defendant Mid-South Health Systems. Because there are no allegations of misconduct by Mid-South Health Systems, it should be dismissed from this lawsuit.

Further, this entire matter could be dismissed based on Mr. Hamrick's failure to comply with FED. R. CIV. P. 8(a)(2), which requires a complaint to contain "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In addition to his 259-page complaint, Mr. Hamrick has filed six "notices." (Doc. Nos. 4-9). To extract a timeline of events, the Court has read and considered the 550+ pages of documents Mr. Hamrick has filed and has taken judicial notice of pleadings Mr. Hamrick filed in other court proceedings. Mr. Hamrick is well aware of the Rule 8(a)(2) requirement because several courts have dismissed his complaints based on his failure to follow this very rule. See *i.e.*, *Hamrick v. Doe*, 4:19-CV-604-BSM (E.D. Ark. Sept. 12, 2019); *Hamrick v. United States*, 775 F. Supp. 2d 140, 142 (D.D.C. 2011); *Hamrick v. United States*, 1:10-CV-857-JDB, 2010 WL 3324721 (D.D.C. Aug. 24, 2010); *Hamrick v. United States*, 1:08-CV-1698-EGS, 2009 WL 8747880 (D.D.C. Jan. 30, 2009); *Hamrick v. United Nations*, No. 1:07-CV-1616-RMC, 2007 WL 3054817 (D.D.C. Oct.

19, 2007); *Hamrick v. Bremer*, No. 1:05-CV-1993-HHK, 2005 WL 6799409 (D.D.C. Oct. 20, 2005).

In fact, Mr. Hamrick anticipated this challenge and affirmatively states that his complaint cannot be dismissed under Rule 8(a)(2) because he is pleading fraud under Rule 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). As Mr. Hamrick is also aware, this argument carries no weight. *Hamrick v. United States*, 775 F. Supp. 2d 140, 142 (D.D.C. 2011) ("The fact that fraud claims must also comply with the higher pleading standards of Rule 9(b)…has no bearing on whether plaintiff has met his threshold obligation under Rule 8(a)(2) to make a 'short and plain statement' of his claim.") Mr. Hamrick also contends that this matter cannot be dismissed under Rule 8(a)(2) because this is a case of first impression. He cites no authority to support that proposition.

Setting aside Rule 8(a)(2), after liberally construing Mr. Hamrick's complaint to the best of its ability, the Court finds that Mr. Hamrick has failed to state a federal claim upon which relief may be granted.

### A. Criminal Charges

Mr. Hamrick frames the majority of his complaint as a criminal complaint and declares his power under the Tenth Amendment to issue a "Citizen's Federal Arrest Warrant for the Named Defendants." (Doc. No. 2 at p. 56) He purports to charge the Defendants with various federal and state criminal offenses, including treason, entrapment, conspiracy, harassment, and stimulating legal process. (Doc. No. 2 at pp. 57-58, 133-134) A private citizen, however, does not have "a judicially cognizable interest in

the prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And, federal courts have no authority to initiate prosecutions or to designate who should be prosecuted. *United States v. Nixon*, 418 U.S. 683, 694 (1974).

## B. Federal Claims

In additional to criminal charges, Mr. Hamrick seeks restitution for personal and financial injuries stemming from alleged constitutional violations. (Doc. No. 2 at p. 198) The Court will consider each of Mr. Hamrick's constitutional claims in turn.

### 1. First Amendment Claims

Mr. Hamrick claims that several Defendants infringed upon his First Amendment rights when he was arrested for sending harassing communications to Defendant Ballentine. According to Mr. Hamrick, his communications were protected speech because he was running for mayor of Kensett and "had the First Amendment right to email employees to assess whether the City of Kensett was running properly" and to confront Defendant Ballentine "about her rudeness in her emails." (Doc. No. 4 at p. 28; Doc. No. 2 at p. 180) This claim fails because "[t]he First Amendment affords no protection to those who utter direct threats of force and violence toward other persons." *United States v. Bellrichard*, 994 F.2d 1318, 1322 (8th Cir. 1993).

He also challenges United States Supreme Court Rule 28.8 as an infringement on his First Amendment right to petition the government for redress of grievances. (Doc. No. 5 at p. 4) Rule 28.8 provides that "[o]ral arguments may be presented only by members of the Bar of this Court." U.S. Sup. Ct. R. 28.8. A content-neutral regulation on the time, place, and manner of speech may be reasonable if there are alternative means of

exercising the right. *Pell v. Procunier*, 417 U.S. 817, 827 (1974). Mr. Hamrick has other ways to express himself to the Supreme Court of the United States, as evidenced by his multiple motions and petitions filed with the Court. See *i.e*., *Hamrick v. Bush*, 552 U.S. 1060 (2007); *Hamrick v. Bush*, 543 U.S. 1185 (2005); *Hamrick v. Bush*, 540 U.S. 940 (2003).

>  2.  *Second Amendment*

As he has done in many courts before, Mr. Hamrick again asserts his theory that "National Open Carry" is a right embedded in the United States Constitution through the Second, Ninth, Tenth, Thirteenth, and Fourteenth Amendments, and the "Common Defence Clause" in the preamble. (See *i.e*, Doc. No. 2 at pp. 13, 49, 55-56, 60, 65, 203; Doc. No. 5 at pp. 6, 8) Considering the full adjudication of this claim, all the way to the United States Supreme Court, in 2002-2003, Mr. Hamrick's claim is likely precluded under *res judicata*. See *Hamrick v. Bush*, 540 U.S. 940 (2003); *Hamrick v. Bush*, 63 F. App'x 518, 519 (D.C. Cir. 2003); *Hamrick v. Bush*, Case No. 1:02-CV-1435-ESH, 2002 WL 34731037, at *1 (D.D.C. Oct. 10, 2002).

It is not necessary to delve into a *res judicata* analysis, however, because Mr. Hamrick's theory has no legal grounding. The right to bear arms under the Second Amendment is not an unlimited right. *D.C. v. Heller*, 554 U.S. 570, 595 (2008). The United States Supreme Court does "not read the Second Amendment to protect the right of citizens to carry arms for *any sort* of confrontation, just as [it] do[es] not read the First Amendment to protect the right of citizens to speak for *any purpose*." *Id.* (emphasis in original).

### 3. Fourth Amendment

Mr. Hamrick demands restitution for the alleged illegal seizure of his mother's car in January of 2019. Mr. Hamrick simply has no standing to assert a Fourth Amendment claim of unreasonable seizure of his *mother's* car. Further, the legal remedy for an illegal search or seizure under the Fourth Amendment is the suppression of evidence in a criminal proceeding. *Mapp v. Ohio*, 367 U.S. 643, 670 (1961) (Douglas, J., concurring). Mr. Hamrick has alleged no facts to support a federal claim for relief under the Fourth Amendment.

### 4. Fifth Amendment/Fourteenth Amendment: Judicial Bias

Mr. Hamrick brings claims against Judges Moody, Edwards, Derrick, and Hale alleging judicial bias in violation of his due process rights. (Doc. No. 2 at pp. 70, 181, 188, 189; Doc. No. 7 at p. 2; Doc. No. 8 at pp. 34-35) All these Defendants are entitled to judicial immunity. As recently summarized by the Eighth Circuit:

> Judicial immunity is immunity from suit. It is grounded in a general principle of the highest importance, that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. The doctrine's broad protection yields in two circumstances: First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Allegations of malice or corruption do not defeat judicial immunity.*

*Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020) (citations and quotations omitted) (emphasis added). Mr. Hamrick theorizes that the Defendant Judges were acting outside all jurisdiction because of their alleged involvement in "kangaroo courts." (Doc. No. 2 at p. 133) It is clear, however, that all Defendant Judges, whether

presiding over Mr. Hamrick's criminal proceedings or dismissing his lawsuits under legal precedent, were acting well within their jurisdiction and judicial capacities.

Mr. Hamrick also takes issue with judicial immunity and claims that it is unconstitutional. (Doc. No. 2 at pp. 19-24, 51) It is the Court's duty to apply the law as it stands, not the law as Mr. Hamrick wishes it to be.

> 5. *RICO*

Mr. Hamrick alleges that the defendants collectively conspired to trap him "in their racketeering scheme in unlawful debt." (Doc. No. 2 at pp. 137, 198) This RICO claim fails because, despite 550+ pages of pleadings, Mr. Hamrick fails to state with particularity the "who, what, when, where, and how" of any alleged criminal conspiracy. *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011). Instead, he "broadly and nonspecifically alleges Defendants" are involved in a wheel conspiracy. *Id.* This does not meet the heightened pleading standard required of a RICO claim. *Id.*

> 6. *Treaty Claim*

It is unclear whether Mr. Hamrick is attempting to bring an action under the International Covenant on Civil and Political Rights (ICCPR) or merely to notify the Court of his pending action before the Inter-American Commission on Human Rights. (Doc. No. 1 at pp. 1-2; Doc. No. 2 at pp. 14-18) Regardless, the Court is unaware of any "judicial decision authorizing a private right of action under the ICCPR." *Ralk v. Lincoln County*, 81 F. Supp. 2d 1372 (S.D. Ga. 2000).

### C.  State Claims

Perhaps the most colorful of Mr. Hamrick's claims is his allegation that Arkansas Rule of Civil Procedure 72(d) violates the equality provision of the Arkansas Constitution, Ark. Const. art. II, § 3. (Doc. No. 2 at pp. 134-137, 153, 199) Under Arkansas Rule of Civil Procedure 72(d), "no person shall be permitted to prosecute any action of slander, libel or malicious prosecution *in forma pauperis*." Ark. R. Civ. P. 72(d). According to Mr. Hamrick, this contributes to Arkansas's debtors' prison scheme by acting as a gag order against any poor person who has been maliciously prosecuted. (Doc. No. 2 at p. 135) It is unclear from Mr. Hamrick's complaint whether he has standing to pursue this claim because he does not allege that he has personally been denied *in forma pauperis* status under this rule.

In light of the recommendation that all federal claims be dismissed, the Court recommends that Chief Judge Marshall decline to exercise supplemental jurisdiction over this claim or over Mr. Hamrick's state tort claims of malicious prosecution and abuse of process. To the extent that Mr. Hamrick attempts to bring a state wrongful death claim as a part of this lawsuit, Chief Judge Marshall should decline to exercise jurisdiction over that claim as well.

### D.  Notice of Removal

As for Mr. Hamrick's pending notice of removal (Doc. No. 8), it would be improper to combine Mr. Hamrick's pending criminal proceedings with this civil action. Mr. Hamrick's notice of removal should be denied, without prejudice.

## V.    <u>Conclusion</u>:

The Court recommends that Chief Judge Marshall DENY and DISMISS Plaintiff Don Hamrick's complaint (Doc. No. 2) and notice of removal (Doc. No. 8), without prejudice. Mr. Hamrick's motion to proceed *in forma pauperis* (Doc. No. 1), and any other pending motions, should be DENIED, as moot.

DATED this 25th day of August, 2020.

UNITED STATES MAGISTRATE JUDGE